

May 24, 2021

**VIA ELECTRONIC COURT FILING**

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

> Re: *The GEO Group, Inc., et al. v. Newsom, et al.*, Nos. 20-56172 & 20-56304;
> Letter Pursuant to Rule 28(j)

Dear Ms. Dwyer:

I write regarding the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), holding that the plain language of 8 U.S.C. § 1229b(d)(1) requires a notice to appear for removal proceedings to include all required information in a single document to stop accrual of time toward eligibility for cancellation of removal. *Niz-Chavez* forcefully rejected the government's resort to "policy arguments and pleas for deference" rooted in practical challenges in operating the immigration system: "[W]e [do not] seek to indulge efforts to endow the Executive Branch with maximum bureaucratic flexibility." *Id.* at 1484-85; *see also id.* at 1485 ("[P]leas of administrative inconvenience and self-serving regulations never justify departing from the statute's clear text."); *id.* at 1486 ("[R]aw consequentialist calculation plays no role in our decision.").

In briefly discussing the federal statute at the heart of this case, the United States urges this Court to interpret 8 U.S.C. § 1231(g) to enable ICE to "maintain flexibility" by outsourcing detention to private companies. U.S. Br. at 26. Under *Niz-Chavez*, however, the "ordinary meaning" of the statute "at the time Congress adopted [it]," as informed by "textual and structural clues bearing on that meaning," governs—irrespective of inconvenience to ICE. 141 S. Ct. at 1480.

**EXECUTIVE DIRECTOR** Hector O. Villagra

**CHAIR** Marla Stone **VICE CHAIRS** Sherry Frumkin and Frank Broccolo
**CHAIRS EMERITI** Shari Leinwand Stephen Rohde Danny Goldberg Allan K. Jonas* Burt Lancaster* Irving Lichtenstein, MD* Jarl Mohn Laurie Ostrow*
Stanley K. Sheinbaum*

*deceased

Congress would not have understood language authorizing the former INS to "lease," "acquire," or "build" facilities as authorizing wholesale delegation of detention responsibilities to private prison companies; indeed, none existed in 1952, and the statute itself contemplates "living quarters for immigration officers" to staff the facilities. Br. of *Amici* at 10-14. Additional structural clues—including the contrast between ICE's statutory authorization to contract out detention responsibilities to state and local governments versus the U.S. Marshals Service's similar authorization expressly authorizing detention contracts with private prison companies— confirm this understanding. *Id.* at 15-20.

The plain meaning of Section 1231(g) may limit ICE's power, but "words are how the law constrains power." 141 S. Ct. at 1486. If ICE seeks authority to delegate to private entities such an inherently governmental function as detention, with its profound impacts on life and liberty, it may address its plea to Congress.

Respectfully submitted,
*/s/ Jordan Wells*
Jordan Wells

Attorney for *Amici Curiae* the National Immigrant Justice Center, the American Civil Liberties Union (ACLU), the ACLU of Southern California, the ACLU of San Diego and Imperial Counties, and the ACLU of Northern California

c:      Counsel of Record