

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Southern California

June 17, 2021

**VIA ELECTRONIC COURT FILING**
Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

Re:  *The GEO Group, Inc., et al. v. Newsom, et al.*, Nos. 20-56172 & 20-56304

Dear Ms. Dwyer:

I write in response to Appellant GEO Group's June 10, 2021 letter to the Court regarding Section 119 of the DOJ Appropriations Act of 2001. The ACLU and NIJC *Amici* concur in Appellee California's June 16 response and made similar points prior to GEO filing its reply brief. *See* Br. of *Amici* at 25-27.

Even assuming *arguendo* that DHS may properly invoke the authority in Section 119, GEO implausibly reads the phrase "related services" in Section 119 to impliedly confer new authority on the then-INS to outsource detention functions to private entities, even though modifications to existing law "by implication are not favored," a principle which "applies with special force when the provision advanced . . . was enacted in an appropriations bill." *United States v. Will*, 449 U.S. 200, 221-22 (1980). Read naturally, "related services" merely adverts to the respective services for which the several DOJ components already were authorized to contract.

GEO's other new argument, regarding the preemptive impact of a regulation permitting ICE to "enter into contracts of up to fifteen years' duration for detention or incarceration space or facilities, including related services," also fails. 8 C.F.R. § 3017.204-90. This regulation implements Section 119's authorization to depart from the otherwise applicable maximum duration of five years. *See* Br. of *Amici* at 26 n.16. It does not even purport to authorize contracting out detention functions to private entities and thus offers no support for GEO's self-serving interpretation. *Cf.*

**EXECUTIVE DIRECTOR** Hector O. Villagra

**CHAIR** Marla Stone **VICE CHAIRS** Sherry Frumkin and Frank Broccolo
**CHAIRS EMERITI** Shari Leinwand Stephen Rohde Danny Goldberg Allan K. Jonas* Burt Lancaster* Irving Lichtenstein, MD* Jarl Mohn Laurie Ostrow* Stanley K. Sheinbaum*

*deceased

*Kisor v. Wilkie*, 139 S. Ct. 2400, 2417 (2019) (narrowly interpreting degree of deference owed to agency interpretations of their own regulations and affirming that "courts should decline to defer to a merely 'convenient litigating position' or '*post hoc* rationalization.'").

Respectfully submitted,

/s/ *Jordan Wells*
Jordan Wells

Attorney for *Amici Curiae* the National Immigrant Justice Center, the American Civil Liberties Union (ACLU), the ACLU of Southern California, the ACLU of San Diego and Imperial Counties, and the ACLU of Northern California

c:      Counsel of Record